IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JENNIFER HARP, )
 )
    Plaintiff, )
 )
 )
    v. ) 1:12CV640
 )
LIBERTY MUTUAL GROUP, INC., LIBERTY )
LIFE ASSURANCE COMPANY OF BOSTON, )
and EAGLE PHYSICIANS & ASSOCIATES, P.A., )
 )
    Defendants. )

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This ERISA case is before the Court on Defendants' Motion to Dismiss (Partial) [Doc. #43]. The Court notes that resolution of the Motion to Dismiss primarily involves clarifying the proper legal and statutory basis for Plaintiff's claims in this case. For the reasons set out below, the Court recommends that Defendants' Motion be granted in part and denied in part, and as set out below, the substance of Plaintiff's claims to recover benefits under an ERISA Plan, enforce her rights under the terms of the Plan, and clarify her rights to future benefits under the terms of the Plan will proceed under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

I.      FACTS, CLAIMS, AND PROCEDURAL HISTORY

The following facts are taken from Plaintiff's Complaint[1] [Doc. #9, #20]. Plaintiff Harp alleges that from approximately January 2001 through May 2005 she was employed by Eagle Physicians & Associates, P.A. ("Defendant Eagle") as a certified medical assistant. (Compl. at 2.) Defendant Eagle established a group disability insurance plan ("the Plan") for its employees, including Plaintiff Harp, which qualifies as an employee welfare benefit plan within the meaning of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff Harp refers to the other two Defendants collectively as "Defendant Liberty Mutual" in her Complaint. They are Liberty Mutual Group, Inc. and Liberty Life Assurance Company of Boston. Plaintiff alleges that "Defendant Liberty Mutual" "and/or Defendant Eagle" is the designated Plan administrator and Plan sponsor. (Compl. at 2.) Plaintiff also alleges that both Defendant Eagle and Defendant Liberty Mutual made the benefits determination at issue in this action. (Id.)

Plaintiff Harp contends that she became totally disabled in May 2005 due to her physical conditions of chronic neuropathic abdominal pain, adrenal insufficiency, and blindness in her left eye. As a result of these conditions, Plaintiff applied for and was granted long-term disability benefits pursuant to the Plan beginning in November 2005, and received them until May 2009. (Id. at 3.) On May 27, 2009, Defendants terminated long-term disability benefits to Plaintiff after finding that she was no longer disabled. (Id.) Plaintiff applied for and was awarded Social

---

[1] Plaintiff's First Amended Complaint [Doc. #20] supplements her original Complaint [Doc. #9] by adding Exhibits G, H, and I. However, the First Amended Complaint simply incorporates by reference the allegations in Plaintiff's original Complaint.

Security Disability benefits based on the conditions listed above in July 2009. (Id.) Plaintiff further alleges that Defendants required her to reimburse them over $50,000.00 in benefits that she received under the Plan between November 2005 and June 2009, as a set-off for her receipt of social security disability benefits. (Id.) Plaintiff claims that Defendants' termination of her disability benefits violates the terms of the Plan. She states that she has unsuccessfully appealed the denial of her benefits under the Plan and has exhausted her administrative remedies. (Id. at 4.) Plaintiff filed the present action in North Carolina state court and Defendants removed the action to this Court.

Plaintiff's Amended Complaint raises seven causes of action. Her First Cause of Action is a claim for wrongful denial of long-term disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). (Id. at 5-6.) Plaintiff does not state the statutory basis for her remaining causes of action, and this has led to some confusion as to the exact nature of her claims. Her Second Cause of Action contains allegations that Defendants are fiduciaries of the Plan and that they willfully have failed to properly perform their fiduciary duties. (Id. at 6.) Plaintiff's Third Cause of Action contains allegations that the terms of the Plan constitute a valid contract and that Defendants have breached the terms of the Plan by denying her long-term disability benefits under the Plan. (Id. at 6-7.) In her Fourth Cause of Action, Plaintiff again alleges that Defendants have breached their fiduciary duties, this time negligently, by terminating her disability benefits. (Id. at 8.) Plaintiff claims in her Fifth Cause of Action that Defendants are estopped from asserting that she is not disabled because she was declared to be disabled by the Social Security Administration and because Defendants accepted the $50,000.00 from her social

3

security benefits award. (Id. at 8-9.) Plaintiff seeks to recover the $50,000.00 from the Plan in her Sixth Cause of Action. (Id. at 9.) Finally, in her Seventh Cause of Action, Plaintiff raises state and federal due process, equal protection, and contract clause claims. (Id. at 9-10.)

Defendants argue that Plaintiff's Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action should be dismissed to the extent that they raise state law claims. Defendants also contend that to the extent that Plaintiff's Second and Fourth Causes of Action allege breaches of fiduciary duties, they should be dismissed because Plaintiff has adequate relief through 29 U.S.C. § 1132(a)(1)(B) in her First Cause of Action. Defendants contend that Plaintiff's Fifth and Sixth Causes of Action should be dismissed because a claim for judicial estoppel is not recognized under ERISA. Finally, Defendants seek dismissal of Plaintiff's Seventh Cause of Action because it fails to state a claim for relief. Defendants do not seek dismissal of Plaintiff's First Cause of Action under ERISA § 1132(a)(1)(B), and agree that this case may proceed under that section.

## II. DISCUSSION

### A. Standard

A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

      B.      ERISA Preemption of State Law Claims

Defendants' first argument in support of dismissal is that Plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action are preempted by ERISA. (Defs.' Mem. [Doc. # 44] at 4-11.) In support of this contention, Defendant notes that the employee benefit plan at issue is one controlled by ERISA. Defendants next argue that because Plaintiff's plan is an ERISA plan, her state law claims are preempted by ERISA. Defendants construe Plaintiff's Second through Seventh causes of action as raising state law claims.

In response, Plaintiff agrees that the Plan is controlled by ERISA. (Pl.'s Mem. [Doc. #49] at 2 n.2.) However, Plaintiff argues that she has not pled any state law claims in her Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action. (Id. at 8.) Although Plaintiff has not pled those causes of action with clarity, and it is understandable why Defendants construed those causes of action to raise state law claims, the Court accepts Plaintiff's argument that these causes of action arise under ERISA rather than state law. Therefore, these claims will be construed as claims under ERISA, not under state law, and Defendants' argument that Plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action must be dismissed based on ERISA preemption of state law claims, is moot.

5

### C. Claims Under 29 U.S.C. § 1132(a)(3)

However, the conclusion that Plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action should not be dismissed on preemption grounds does not end the matter. Defendants argue in their motion that Plaintiff's action is simply one for the wrongful denial of benefits under ERISA and that "Plaintiff's sole claim and potential remedy, if any, is pursuant to a civil action for benefits due under 29 U.S.C. § 1132(a)(1)(B) of ERISA." (Defs.' Mem. [Doc. #44] at 11.) In Response, Plaintiff clarifies that her Second Cause of Action, like the First Cause of Action, arises under § 1132(a)(1)(B). (Mem. at 12 ("The second cause of action . . . arises under § 1132(a)(1)(B).")). The Court accepts this characterization, and Counts One and Two will be construed as raising claims under 29 U.S.C. § 1132(a)(1)(B). Defendant has agreed that this is the proper statutory section for Plaintiff's claims in this case, and therefore the First and Second claims will proceed under § 1132(a)(1)(B).[2]

With respect to the Third, Fourth, Fifth and Sixth Causes of Action, Plaintiff argues that she "is also entitled to seek equitable relief under 29 U.S.C. § 1132(a)(3) in addition to legal relief under 29 U.S.C. § 1132(a)(1)(B)." (Pl.'s Mem. [Doc. #49] at 6.) Defendant disagrees. Therefore, the Court must consider whether Plaintiff may also seek relief under 29 U.S.C. § 1132(a)(3).

---

[2] The Court notes that Plaintiff's Second Cause of Action provides additional detail as to how Plaintiff contends that Defendants have violated the terms of the Plan. The Court therefore will not recommend dismissal of the Second Cause of Action as duplicative, and will instead simply note that all of the contentions may be considered as part of Plaintiff's claims under 29 U.S.C. § 1132(a)(1)(B).

6

Section § 1132(a)(1)(B), which is the basis for the First and Second claims in this case, allows "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3), which is apparently the basis for the Third, Fourth, Fifth, and Sixth claims in this case, provides that a participant, beneficiary, or fiduciary may bring an action to "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Supreme Court and the Fourth Circuit have consistently held that if "adequate relief is available for the plaintiff's injury through review of her individual benefits claim under § 1132(a)(1)(B), relief under § 1132(a)(3) will not lie." Korotynska v. Metropolitan Life Ins. Co., 474 F.3d 101, 102-03 (4th Cir. 2006) (citing Varity Corp. v. Howe, 516 U.S. 489, 515 (1996)).

In this case, Plaintiff fails to explain why her alleged injury is not redressable under § 1132(a)(1)(B). She states that her claims under § 1132(a)(3) are: (1) for past and future proceeds under the Plan, and (2) for restitution of the $50,000.00 that Defendants took from her social security disability award. (Pl.'s Mem. [Doc. #49] at 11.) As for the first claim, § 1132(a)(1)(B) specifically allows for the recovery of benefits due and to clarify rights to future benefits under the terms of the Plan. Plaintiff does not attempt to establish that this provision will not afford her an adequate remedy. The $50,000.00 sought by Plaintiff represents the offset for Social Security benefits under the terms of the Plan. To the extent that this offset was

7

somehow improper, Plaintiff offers no explanation why she could not recover this amount under § 1132(a)(1)(B) by enforcing her rights under the terms of the Plan. Moreover, it appears that Plaintiff's primary contentions regarding the $50,000.00 are not a challenge to the propriety of the offset under the terms of the Plan, but are instead a claim of estoppel, contending that Defendants should be estopped from denying that she is disabled, based on the award of social security benefits and/or the prior award of benefits under the Plan. Defendants note that these contentions would not form the basis for judicial estoppel, but could be considered as part of the evaluation of Plaintiff's claim under § 1132(a)(1)(B). Thus, it appears that Plaintiff has an adequate remedy under § 1132(a)(1)(B). To allow her to proceed with any claim under § 1132(a)(3) would be directly contrary to the statute as interpreted by the Supreme Court and the Fourth Circuit. See Korotynska, 474 F.3d at 105 (noting "the danger that a beneficiary might 'repackage his or her 'denial of benefits' claim as a claim for 'breach of fiduciary duty'" and concluding that in Varity, the "Supreme Court intimated that equitable relief for breach of fiduciary duty would not be available for denial of benefits claims appealable under § 1132(a)(1)(B)," since otherwise, "*every* wrongful denial of benefits could be characterized as a breach of fiduciary duty").

Rather than explain why § 1132(a)(1)(B) does not afford her adequate relief, Plaintiff skips over that important first step of the analysis and relies upon cases addressing the types of equitable relief available under § 1132(a)(3). However, those cases do not change the previously-established requirement that relief may be granted under § 1132(a)(3) only if relief is not available under § 1132(a)(1)(B). See, e.g., CIGNA Corp. v. Amara, 131 S. Ct. 1866 (2011)

8

(considering the relief and remedies available to plaintiffs asserting a claim of breach of fiduciary duty under § 1132(a)(3) where relief was not available under § 1132(a)(1)(B)); McCravy v. Metropolitan Life Ins. Co., 690 F.3d 176 (4th Cir. 2012) (finding that the traditional equitable remedies of surcharge and equitable estoppel were available under § 1132(a)(3) when no claim could be raised under § 1132(a)(1)(B)); Griggs v. E.I. Dupont de Nemours & Co., 385 F.3d 440 (4th Cir. 2004) (holding that rescission was a form of equitable relief available under § 1132(a)(3) for plaintiff who apparently had no remedy under § 1132(a)(1)(B) because his claim was not to recover benefits due him under the plan); Cherochak v. Unum Life Ins. Co., 586 F. Supp. 2d 522 (D.S.C. 2008) (noting that the plaintiff's request for a refund of premiums he paid did not fall under § 1132(a)(1)(B), and therefore, the plaintiff's claim under § 1132(a)(3) could proceed).

In the present case, because Plaintiff has an adequate remedy for the allegedly improper denial of her benefits under § 1132(a)(1)(B), she may not proceed under § 1132(a)(3). Accordingly, Plaintiff's Third, Fourth, Fifth, and Sixth Causes of Action, which seek equitable relief under 29 U.S.C. § 1132(a)(3), should be dismissed.[3]

D.   Plaintiff's Seventh Cause of Action

Finally, Plaintiff raises federal and state constitutional claims in the Seventh Cause of Action, specifically alleging due process and equal protection claims, as well as a Contract Clause

---

[3] The Court notes, however, to the extent the contentions set out in those causes of action form part of the basis for the claims under § 1132(a)(1)(B) in the First and Second Causes of Action, those matters may all be considered by the Court as the case proceeds in determining Plaintiff's claim "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan" under § 1132(a)(1)(B).

claim. Plaintiff contends that "[t]o allow the Defendants to assert that they can rely on any alleged discretionary language in [her disability insurance contract], makes the contract illusory, and misrepresents the nature of the contractual relationship for providing benefits" and that granting or denying benefits "upon some discretionary standard" violates the due process and equal protection provisions of the federal and state constitutions, and "impairs the obligations of contracts." In the Motion to Dismiss, Defendants present 22 pages of argument and authorities in support of their contention that Plaintiff's constitutional claims should be dismissed. (Defs.' Mem. [Doc. #44] at 16-28.) Plaintiff responds in her memorandum with four sentences in support of these claims, stating that she "seeks a good faith reversal on existing law on due process, equal protection, and contract clause challenges to ERISA under the federal and North Carolina Constitutions." (Pl.'s Mem. [Doc. #49] at 7.) She fails to explain or give any authority for such a reversal, however, and instead just asserts that ERISA is "fundamentally unfair."[4] Under such circumstances, the Court concludes that Plaintiff has failed to show a facial plausibility for her claims sufficient to survive Defendants' Motion to Dismiss, as she has failed to show any governmental action as part of her due process or equal protection claims, or any legal basis for any of her constitutional claims. See Iqbal, 556 U.S. at 678; see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("Like its counterpart in the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression'

---

[4] To the extent she has asserted any state law claims, Plaintiff also fails to address Defendant's preemption arguments as to the Seventh Cause of Action.

10

. . . . Its purpose was to protect the people from the State, not to ensure that the State protected them from each other." (quoting Davidson v. Cannon, 474 U.S. 344, 348 (1986) (emphasis added)); Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) ("The Equal Protection Clause . . . simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike."); U.S. Trust Co. of New York v. New Jersey, 431 U.S. 1, 14 (1977) (noting that the Contract Clause, which provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . .", is a "limitation[] on state power"); Home Bldg. & Loan Ass'n v. Blaisdell, 290 U.S. 398, 427 (1934) (discussing adoption of Contract Clause). Therefore, Plaintiff's Seventh Cause of Action should be dismissed.

    E.    Allowable Damages

Defendants argue that to the extent Plaintiff seeks damages or other extra-contractual monetary relief over and above the recovery of any ERISA plan benefits, such claims should be stricken pursuant to Federal Rule of Civil Procedure 12(f). (Defs.' Mem. [Doc. #44] at 29.) The Court's recommendation that all of Plaintiff's claims be dismissed except those arising under 29 U.S.C. § 1132(a)(1)(B), if accepted, appears to resolve this issue. To the extent that it does not, Defendants may renew their motion as to allowable damages later in the action.

    F.    Trial by Jury

Defendants also argue that Plaintiff is not entitled to a trial by jury and request that Plaintiff's request for a jury trial be stricken from the Complaint. (Defs.' Mem. [Doc. #44] at 30.) In the Fourth Circuit, Plaintiff does not have a right to a jury trial in "proceedings to determine rights under employee benefit plans." Berry v. Ciba-Geigy Corp., 761 F.2d 1003,

11

1007 (4th Cir. 1985); see Biggers v. Wittek Indus., 4 F.3d 291, 298 (4th Cir. 1993); Phelps v. C.T. Enters., Inc., 394 F.3d 213, 222 (4th Cir. 2005) (no jury trial right attaches to actions under 29 U.S.C. § 1132(a)(1)(B)); Ellis v. Metropolitan Life Ins. Co., 919 F. Supp. 936 (E.D. Va. 1996); Broadnax Mills v. Blue Cross and Blue Shield, 876 F. Supp. 809 (E.D. Va. 1995). Plaintiff has not set out any basis for a right to a jury trial for her claims under § 1132(a)(1)(B). Therefore, Plaintiff's request for a jury trial should be denied.

G. Proper Parties

Defendants also contend that neither Liberty Mutual nor Eagle Physicians is a proper defendant in this ERISA benefits matter. (Defs.' Mem. [Doc. #44] at 30-32.) This Court has previously found that proper defendants in an action pursuant to 29 U.S.C. § 1132(a)(1)(B) are the "pension plan itself . . . and any fiduciaries who control the administration of the pension plan." McRae v. Rogosin Converters, Inc., 301 F. Supp. 2d 471, 475 (M.D.N.C. 2004); see Coleman v. Provident Life & Acc. Ins. Co., No. Civ. CCB-10-1959, 2011 WL 1980541 at 2 (D. Md. May 20, 2011) (same). Plaintiff alleges in her Complaint that Defendant Eagle and Defendant Liberty Mutual made benefits determinations and were responsible for administering the Plan. (Compl. [Doc. #9] ¶¶ 10-11.) Defendants rely on correspondence and other attachments to challenge this allegation. In response, Plaintiff asks for the opportunity to obtain and present additional information on this issue. In the circumstances, this Court concludes that consideration of these issues and the supporting documentation should be undertaken on a motion for summary judgment rather than a motion to dismiss. Therefore, the Court recommends that Defendants' Motion to Dismiss as to Defendant Liberty Mutual and

Defendant Eagle Physicians be denied without prejudice to further consideration of this issue on a motion for summary judgment.

III.     CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Defendants' Motion to Dismiss [Doc. #43] be granted to the extent that Plaintiff's Third, Fourth, Fifth, Sixth, and Seventh Causes of Action be dismissed and Plaintiff's request for a jury trial be stricken from the Complaint, but otherwise be denied, and that the substance of Plaintiff's claims to recover benefits under an ERISA Plan, enforce her rights under the terms of the Plan, and clarify her rights to future benefits under the terms of the Plan proceed under 29 U.S.C. § 1132(a)(1)(B).

This, the 30th day of September, 2013.

        /s/ Joi Elizabeth Peake
    United States Magistrate Judge